MARSHAL D. MORGAN, UNITED STATES MAGISTRATE JUDGE
It has come to the attention of the Court that the material witnesses in the above-captioned cases have not yet been released by the United States Government in accordance with the Court's Orders of Release dated August 14, 2018. See Docket Entry No. 10 in Crim. No. 18-MJ-1235 and Docket Entry No. 9 in Crim. No. 18-MJ-1234.
Consistent with the United States v. Trujillo-Alvarez [1] line of cases, which have been recently followed by United States v. Ventura, No. 17-cr-418 (DLI), 2017 WL 5129012 (E.D.N.Y. Nov. 3, 2017) and United States v. Benzadon Boutin, 269 F.Supp.3d 24, 26-27 (E.D.N.Y. 2017), appeal withdrawn , No. 18-194, 2018 WL 1940385 (2d Cir. Feb. 22, 2018), if a federal "criminal prosecution is initiated and the Government has invoked the jurisdiction of a federal district court, the Bail Reform Act is controlling." If a district court orders a defendant to be released subject to the conditions imposed by the court, and those conditions are met, the detention of such individuals by ICE contravenes the Bail Reform's Act policy, i.e., ICE cannot detain them. See Boutin, 269 F.Supp.3d 24, 26-27.
Furthermore, ICE's own regulations provide that removal of a deportable alien during the pendency of a criminal prosecution is prejudicial to the interests of the United States. Id. See 8 C.F.R. § 215.3(g) ; see also *226 United States v. Ailon-Ailon, 875 F.3d 1334, 1339 (10th Cir. 2017). The precedence of a criminal prosecution over a removal proceeding necessarily means that "the Government cannot ... proceed on a dual criminal prosecution and deportation track ...." Ventura, 2017 WL 5129012, at *2, quoting United States v. Resendiz-Guevara, 145 F.Supp.3d 1128, 1136 (M.D. Fla. 2015) (internal quotation omitted). Once the Government has invoked the district court's jurisdiction in the criminal prosecution, it must comply with the Bail Reform Act. See Boutin, 269 F.Supp.3d 24, 27-28.
"[C]ase law, statutes, and regulations all give primacy to the criminal prosecution." Boutin, 269 F.Supp.3d 24, 28. More so, "if the two proceedings vindicate entirely separate interests, it stands to reason that they should proceed sequentially so that one does not jeopardize the other. It matters not what the underlying charge is in the criminal prosecution. Ultimately, if a defendant is ordered removed, and is removed from the United States prior to the disposition of the criminal matter, several important interests are prejudiced or jeopardized." Id."The district court has priority or first standing and administrative deportation proceedings must take a backseat to court proceedings until the criminal prosecution comes to an end." United States v. Blas, No. 13-cr-178 (WS)(C), 2013 WL 5317228, at *3 (S.D. Ala. Sept. 20, 2013).
In this particular case, the continued detention of these two individuals is even more egregious because the Court held a bail hearing, during which counsel for the Government agreed to certain conditions of release, which the Court ultimately granted. It is inexplicable that the same branch of the Government, through two of its agencies, is speaking out of both sides of its mouth. On one hand, the United States Attorney's Office wants to use these individuals as material witnesses in the prosecution of another case, while on the other hand, they are being detained presumably in anticipation of deportation. The Court should not be placed in a position to referee disputes between agencies of the Government.
As such, and based on the supremacy of the Bail Reform Act over any administrative regulation, the United States Government is hereby Ordered to release from custody forthwith the defendants in the following cases: Crim. No. 18-MJ-1234 and Crim. No. 18-MJ-1235, subject to the same conditions previously established by the Court in each respective case. This Order is entered irrespective of any detention that may exist against these two individuals. Furthermore, such detainer shall not be enforced against these individuals as long as they remain under the conditions of the court.
The United States Attorney's Office is hereby Ordered to serve a copy of this Order on MDC Guaynabo, in Guaynabo, Puerto Rico, the United States Marshal Service, and the United States Department of Homeland Security. Proof of service shall be submitted to the Court before the close of business today.
IT IS SO ORDERED.

900 F.Supp.2d 1167 (D. Or. 2012).